ROBERT A. DOTSON
Nevada State Bar No. 5285
JILL I. GREINER
Nevada State Bar No. 4276
DOTSON LAW
One East First Street
City Hall Tower, 16th Floor
Reno, Nevada 89501
Tel:   (775) 501-9400
Email: rdotson@dotsonlaw.legal
       jgreiner@dotsonlaw.legal
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GLENN DEWEESE and JOSHUA HOLTON, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>ITS LOGISTICS, LLC; and DOES 1 through 50, inclusive,<br>              Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF COMPLAINT TO UNITED STATES DISTRICT COURT** |

TO:    THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446(a), Defendant ITS Logistics, LLC ("ITS" or "Defendant") hereby petitions the Court for removal of the action described below from the Second Judicial District Court of the State of Nevada in and for the County of Washoe, to this Court, the United States District Court for the District of Nevada. Removal is based on federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Glenn Deweese and Joshua Holton ("Deweese," "Holton," or "Plaintiffs"). In support of its notice, Defendants state as follows:

### BACKGROUND

1.    On June 6, 2018, Plaintiffs filed a Collective and Class Action Complaint in the Second Judicial District Court of the State of Nevada in and for the County of Washoe. This Complaint was served

on July 19, 2018. In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders received by Defendant is attached hereto as Exhibit 1.

2. Within the Complaint, Plaintiffs allege three causes of action regarding inappropriate pay practices, one is brought pursuant to federal law, and two of which are claims under State law. The first claim references the Fair Labor Standards Act ("FLSA"), the second claim alleges a failure to pay overtime in violation of NRS 608.140 and 608.018, and the third claim alleges a failure to timely pay all wages due and owing in violation of NRS 608.140 and 608.020-050.

3. In the Complaint Plaintiffs alleges facts in support of their FLSA claim, a federal cause of action. Plaintiffs specifically allege that Defendant failed to pay overtime wages in violation of the FLSA, 29 U.S.C. Section 207. Furthermore, within the Complaint Plaintiffs' Prayer for Relief includes a request for an order conditionally certifying the action under FLSA and providing notice of all FLSA CLASS members pursuant to 29 U.S.C. Section 216(b) so they may participate. And finally, within the Complaint Plaintiffs also includes a request for damages "according to proof of overtime compensation under federal law for all hours worked over 40 weeks," as well as liquidated damages pursuant to 29 U.S.C. Section 216(b). *See* Complaint, Exhibit 1.

## JURISDICTION

4. As noted above, Plaintiffs allege claims under FLSA. Therefore, federal question jurisdiction exists over Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law.

5. Under 28 U.S.C. § 1441, defendant has a statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court.

6. To the extent the Complaint alleges state statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under FLSA, and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

7. Therefore, because Plaintiffs' FLSA claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441(a)-(c).

## REMOVAL IS PROPER

8.  This action is pending in the Second Judicial District Court of the State of Nevada in and for the County of Washoe. This Court includes and embraces Washoe County. *See* 28 U.S.C. § 108. This Court is therefore the proper court to which the action should be removed. *See* 28 U.S.C. §1441(a).

9.  This Notice of Removal is timely filed because it was filed within 30 days after receipt of the Summons and Complaint by Defendant. *See* 28 U.S.C. §1446(b).

10. Venue is proper in this case pursuant to 28 U.S.C. §1441(a) and 1446(a) because the U.S. District Court for the District of Nevada is the federal judicial district embracing the Second Judicial District Court, Reno, Nevada, where Plaintiffs' Collective and Class Action Complaint was filed.

11. Written notice of the removal will be served on all other parties, and Defendant will timely file a Notice of Removal in the Second Judicial District Court of the State of Nevada in and for the County of Washoe, a true and correct copy of which is attached hereto as Exhibit 2. *See* 28 U.S.C. § 1446(d). Defendant reserves the right to amend or supplement this Notice of Removal.

12. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (General rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

///
///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, Defendant ITS respectfully requests that this action be removed from the Second Judicial District Court of the State of Nevada in and for the County of Washoe, to the United States District Court for the District of Nevada, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated this ___8___ day of August, 2018.

DOTSON LAW

ROBERT A. DOTSON
Nevada State Bar No. 5285
JILL I. GREINER
Nevada State Bar No. 4276
One East First Street
City Hall Tower, 16th Floor
Reno, Nevada 89501
(775) 501-9400
Attorneys for Defendant

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of DOTSON LAW and that on this date I caused to be served a true and correct copy of the foregoing by:

☒ (BY MAIL) on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Dotson Law, mail placed in that designated area is given the correct amount of postage and is deposited that same date in the ordinary course of business, in a United States mailbox in the City of Reno, County of Washoe, Nevada.

☐ By electronic service by filing the foregoing with the Clerk of Court using the E-Flex system, which will electronically mail the filing to the following individuals.

☐ (BY PERSONAL DELIVERY) by causing a true copy thereof to be hand delivered this date to the address(es) at the address(es) set forth below.

☐ (BY FACSIMILE) on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address(es) noted below.

☐ Reno/Carson Messenger Service.

☒ Email.

addressed as follows:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada 89511
mark@thiermanlaw.com
josh@thiermanlaw.com
leah@thiermanlaw.com

DATED this 8 day of August, 2018.

L. MORGAN BOGUMIL

## Index of Exhibits

| Exhibit | Description | Pages |
|---|---|---|
| 1 | All process, pleadings, and orders received by Defendant | 30 |
| 2 | Second Judicial District Court Notice of Removal | 12 |